

UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

Chambers of
**BENSON EVERETT LEGG**
Chief Judge

101 West Lombard Street
Baltimore, Maryland 21201
(410) 962-0723

January 21, 2003

MEMORANDUM TO COUNSEL RE:   Christine Y. Sisk v. Baltimore County Government
Civil #L-02-0864  2864

Dear Counsel:

On January 17, 2003, the Court held an in-court conference during which Counsel and the Court created a schedule for discovery and other pretrial matters. Enclosed please find a copy of that schedule, as well as a form scheduling order for reference regarding the Court's pretrial procedures.

Very truly yours,

Benson Everett Legg

c:   Court file



FOR THE DISTRICT OF MARYLAND

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2003 JAN 23 P 3: 49

CLERK'S OFFICE
AT BALTIMORE

_____ DEPUTY

**CHRISTINE Y. SISK**
    **Plaintiff**

vs.

**BALTIMORE COUNTY GOVERNMENT**

    **Defendant**

Civil No. L-02-2864

\*\*\*\*\*\*

## DISCOVERY & SCHEDULING ORDER

### I.  DEADLINES

| | |
|---|---|
| Report whether there is unanimous consent to proceed before a United States Magistrate Judge | January 24, 2003 |
| Exchange of Documents | February 18, 2003 |
| Answers to Interrogatories | February 18, 2003 |
| Plaintiff's Medical Release | February 18, 2003 |
| Moving for joinder of additional parties and amendment of pleadings | March 17, 2003 |
| Deadline for Completion of Discovery | June 17, 2003 |
| Joint Status report due | June 17, 2003 |
| Dispositive pretrial motions deadline | July 21, 2003 |

### II.  PLAINTIFF'S DISCOVERY REQUESTS

**Categories of documents requested by Plaintiff:**
a.  Officer Sisk's personnel file;
b.  results of any internal investigations regarding Officer Sisk;
c.  personnel file of officer who replaced Sisk; and
d.  employment discrimination complaints going back five years. Defendant should produce the charging document, any EEOC documentation if it exists and make the litigation file available to the plaintiff if there was litigation. Documentation must include information on:

   i. who made the complaint,
   ii. the alleged conduct, and
   iii. the disposition.

**Interrogatories:** Interrogatories into prior complaints may go back five years.

**Depositions:** Plaintiff is entitled to take the depositions of Joseph McGallen, Richard Koller, Howard Hull, Danny Kramer and Melvin Teal. If Plaintiff needs to take more depositions, she should submit her request in writing to chambers.

**Settlement Conference:** The Court will refer this case to a United States Magistrate Judge for a settlement conference at the magistrate judge's earliest convenience.

### III. DEFENDANT'S DISCOVERY REQUESTS

**Categories of documents deemed requested by Defendant:**
a. all contemporaneous and non-contemporaneous notes made by Ms. Sisk describing the alleged discriminatory treatment. If Plaintiff believes some of these documents are protected by the work product doctrine, she should object to production;
b. all medical records bearing on Ms. Sisk's alleged physical injuries;
c. any written or oral admissions made by agents of the defendant; and
d. any prior discrimination complaints made by Plaintiff within the past five years.

**Interrogatories:** Defendant is deemed to have submitted interrogatories concerning:
a. an itemized list of damages sustained by Plaintiff; and
b. identification of all persons having knowledge of facts concerning this case.

**Depositions:** Defendant is allowed up to five depositions. The first deposition taken should be Ms. Sisk's. Second, Defendant should take the deposition of Ms. Sisk's physician in order to determine whether the defendant will be using an expert to counter Ms. Sisk's doctor. If the defendant does use an expert, the required reports must be submitted to the plaintiff and the plaintiff must be allowed the opportunity to depose the expert. If the plaintiff would like to use a rebuttal expert, she must first seek leave of Court.

It is so ORDERED this 23rd day of January, 2003.

                           Benson Everett Legg
                           Chief Judge

FILED
U.S. DISTRICT COURT
IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
2003 JAN 23  P 3: 49

|  |  |  |
|---|---|---|
| **CHRISTINE Y. SISK** | * | |
| Plaintiff(s) AT BALTIMORE | | |
| | DEPUTY | |
| vs. | | Civil No. L-02-2864 |
| **BALTIMORE COUNTY GOVERNMENT** | * | |
| | * | |
| Defendant(s) | | |

\*\*\*\*\*\*

# FORM SCHEDULING ORDER

This scheduling order is being entered pursuant to Local Rule 103.9. **The schedule will not be changed except for good cause.**

## I. DISCOVERY

### Initial Disclosures

This is an action in which Fed. R. Civ. P. 26(a)(1) disclosures need not be made.

### Discovery Conference

This action is exempted from the requirements of the first sentence of Fed. R. Civ. P. 26(d) and from Fed. R. Civ. P. 26(f). However, you are encouraged to confer with one another immediately in order to (a) identify the issues, (b) set a discovery plan, (c) determine if the case can be resolved before your clients incur further litigation expense and (d) establish a cordial professional relationship among yourselves.

### Procedure

All the provisions of Local Rule 104 apply, including the following:

a. All written discovery requests must be served in time to assure that they are answered before the discovery deadline. An extension of the deadline will not be granted because of unanswered discovery requests.

b. The existence of a discovery dispute as to one matter does not justify delay in taking any other discovery. The filing of a motion to compel or a motion for a protective order will not result in a general extension of the discovery deadline.

c. No discovery materials, including Rule 26(a)(1) and Rule 26(a)(2) disclosures, should be filed with the court. If they are, they will not be returned by the Clerk but will be retained for seven days. Thereafter, unless retrieved by the filing party, they will be destroyed without further notice.

d. Motions to compel shall be filed in accordance with Local Rule 104.8.

e. Please be familiar with the Discovery Guidelines of this Court which are Appendix A to the Local Rules. Appendix D contains guidelines for form discovery requests and confidentiality orders that may be helpful to you.

## II. STATUS REPORT

The parties shall file in chambers only (not with the Clerk) on the day of the discovery deadline a status report covering the following matters:

a. Whether discovery has been completed;

b. Whether any motions are pending;

c. Whether any party intends to file a dispositive pretrial motion;

d. Whether the case is to be tried jury or non-jury and the anticipated length of trial;

e. A certification that the parties have met to conduct serious settlement negotiations; and the date, time and place of the meeting and the names of all persons participating therein;

f. Whether each party believes it would be helpful to refer this case to another judge of this court for a settlement or other ADR conference, either before or after the resolution of any dispositive pretrial motion;

g. Whether all parties consent, pursuant to 28 U.S.C. § 636(c), to have a U.S. Magistrate Judge conduct any further proceedings in this case, either before or after the resolution of any dispositive pretrial motion, including trial (jury or non-jury) and entry of final judgment.

h. Any other matter which you believe should be brought to the court's attention.

## III. DISPOSITIVE PRETRIAL MOTIONS

If more than one party intends to file a summary judgment motion, the provisions of Local Rule 105.2.c apply.

After motions and responses thereto have been filed, I will advise you if a hearing is to be scheduled.

## IV. STATUS AND PRETRIAL CONFERENCES

I will set a scheduling conference after the status report has been filed unless that report indicates that one or more of you intends to file a dispositive pretrial motion. In the latter event I will not set a scheduling conference until after I have ruled upon the motion (or the dispositive pretrial motion deadline passes without the anticipated motion being filed).

At the scheduling conference:

    a. I will set a deadline for submitting the pretrial order, motions in limine, proposed voir dire questions and proposed jury instructions;

    b. I will set a pretrial conference date and a trial date; and

    c. I will ask you whether a settlement conference or other ADR conference with a judicial officer would be useful, and whether all parties would consent to trial (jury or non-jury) before a U.S. Magistrate Judge. **Please confer with your client about these matters before the conference so that you are in a position to respond.**

## V. ADMINISTRATIVE MATTERS

Any inquiries concerning the schedule should be directed to my chambers, not to the Clerk's Office.

Courtesy copies of any motions or other papers filed with the Clerk should <u>not</u> be provided to chambers without my permission. The original and one copy of all motions and memoranda should be filed with the Clerk, except that two copies of any discovery motions and memoranda should be filed with the Clerk. See Local Rule 105.1.

## VI. ATTORNEYS' FEES

In any case where attorneys' fees may be sought by the prevailing party, counsel must be familiar with the provisions of Local Rule 109.2 and the Rules and Guidelines for Determining Lodestar Attorneys' Fees in Civil Rights and Discrimination Cases which are Appendix B to the Local Rules.

## VII. COMPLIANCE WITH LOCAL RULES

The court will demand compliance with the Local Rules. If you need to obtain a copy of the Local Rules, they are available on our website at www.mdd.uscourts.gov, or for purchase from the following companies:

| The Daily Record | Gremlin Press | Lexis Publishing | Rules Service Co. | West Group |
|---|---|---|---|---|
| (410) 752-3849 | (410) 255-8811 | 1-804-972-7600 | (301) 424-9402 | 1-800-328-9352 |

UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

Chambers of
**BENSON EVERETT LEGG**
Chief Judge

101 West Lombard Street
Baltimore, Maryland 21201
(410) 962-0723

MEMORANDUM TO COUNSEL

    Enclosed is the Scheduling Order. I specifically call your attention to the sections which not only set a discovery deadline but require the timely designation of expert witnesses who are expected to testify at trial and limit the number of deposition hours.

    Counsel should confer and advise me (a letter is sufficient) within ten days of any modifications which they believe should be made to the Order. I will review the request and, unless I believe that the Order should remain as it is, either modify the schedule or set a scheduling conference.

    If counsel do not make such a request within ten days, the schedule as set in the Order will be firm; modifications will be made only in response to events that are reasonably unforeseeable at present. If such an event occurs, counsel should notify me promptly by an appropriate motion.

    Barring an emergency, all requests for extension must be in writing and must be submitted at least seven days prior to deadline.

    ***NO FAXES FOR ANY REASON WILL BE ACCEPTED***.

    As stated in the Scheduling Order, **courtesy copies of any motions or other papers filed with the Clerk should not be provided to chambers without permission of the Court**.

    Once the case is closed, the chambers file will be discarded. It is important, therefore, that counsel file in the Office of the Clerk all letters and other documents that they wish to be included as part of the official court file.

    **EXCEPT IN EXCEPTIONAL CIRCUMSTANCES, COUNSEL SHOULD COMMUNICATE WITH MY CHAMBERS IN WRITING RATHER THAN BY TELEPHONE.**

                                                       Benson Everett Legg
                                                       Chief Judge

c:      Court File